UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LOYD WOODWARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) No. 1:13-cv-01435-RLY-DKL |
| DAVID ALGIE, | ) |
| LINDA ALGIE, | ) |
| | ) |
| Defendants. | ) |

**ENTRY ON DEFENDANTS' MOTION TO DISMISS AND COUNTERCLAIM**

Plaintiff, Loyd Woodward, contracted with Defendants, David and Linda Algie, to build a prototype airplane, the LP1. On December 30, 2009, the parties entered into a written contract, drafted by Plaintiff in Texas (his state of residence), under which Plaintiff would pay David Algie (hereinafter "Defendant") a monthly sum and Defendant would devote his efforts to complete the LP1 to the point of flight certification. (Filing No. 1-1). The parties executed the contract in Indiana (Defendants' state of residence). (Filing No. 1-1).

The contract contemplated that Defendant would have the project completed within twenty-four months. (Filing No. 1-1). That did not happen. (Filing No. 1, at ECF p. 4). Therefore, on October 22, 2012, Plaintiff gave notice to Defendant that he would be ceasing the funding of the LP1 due to Defendant's alleged failure to finalize the LP1 for production, marketing and sale. (Filing No. 1, at ECF p. 4).

1

Plaintiff filed the present action in the United States District Court for the Northern District of Texas on May 24, 2013, alleging breach of contract, fraud, unjust enrichment, and promissory estoppel. (Filing No. 1). The case was transferred here on September 10, 2013. (Filing No. 16). The court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332 as the parties are from different states and the amount-in-controversy easily exceeds $75,000.

Following transfer, the court granted the Defendants' motion for extension of time to respond to the Plaintiff's Complaint, ordering them to file an Answer or other responsive pleading on or before October 31, 2013. (Filing No. 22). Defendants, proceeding pro se, timely filed a Motion to Dismiss and Counterclaim for fraud and promissory estoppel by the court-ordered date. (Filing No. 27). Given the procedural posture of this case, the court is not sure if Defendants meant to file an Answer and Counterclaim, or whether they intended to file a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Plaintiff did not respond to this motion.

To the extent Defendants intended to file a Motion to Dismiss under Rule 12(b)(6), that Motion (Filing No. 27) is **DENIED**. Upon review of the Plaintiff's Complaint, the court finds the Plaintiff states claims for relief that are plausible on their face under *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and its progeny. Accordingly, the Defendants are **ORDERED** to file an Answer to Plaintiff's Complaint that complies with Rule 8(b) of the Federal Rules of Civil Procedure, within twenty (20) days of the

date of this Entry. Defendants may also include their Counterclaim in that pleading pursuant to Rule 13 of the Federal Rules of Civil Procedure.

**SO ORDERED** this 5th day of March 2014.

                                                    RICHARD L. YOUNG, CHIEF JUDGE
                                                    United States District Court
                                                    Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

Copy mailed to:

David and Linda Algie
6407 W. 62nd Street
Indianapolis, IN  46278