UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LOYD WOODWARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | No. 1:13-cv-01435-RLY-DKL |
| DAVID ALGIE, ) | |
| LINDA ALGIE, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON DEFENDANTS' MOTION TO DISMISS BASED ON
WITNESS TAMPERING; BRIBERY OF POTENTIAL WITNESS**

Defendants move to dismiss this breach of contract action due to alleged witness tampering. Defendants' motion is based upon a $2,500 check, dated November 27, 2013, that Plaintiff sent to Mike Foreman, who was allegedly listed as a witness[1] before the present case was transferred from the Northern District of Texas. Foreman assisted Plaintiff in constructing the airplane prototype that is the subject of this legal action. (Filing No. 62-4, at ECF p. 1).

Plaintiff responds that he sent the check to Foreman as a one-month severance payment because Plaintiff abruptly ended the business relationship in October 2012. Foreman would not accept the check, and the check was voided and returned to Plaintiff. (Filing No. 32-1; Filing No. 34, at ECF p. 3).

---

[1] Foreman filed a declaration in support of Defendants' motion to dismiss or transfer venue, stating that if the case remained in Texas, he would not travel to Texas to testify. (Filing No. 32-2). As such, it is not clear whether Foreman was ever a willing witness in this case.

1

Defendants do not dispute Plaintiff's account, but argue that these facts support an inference that Plaintiff has tampered with their witness. As additional evidence in support of their position, Defendants represent that they asked Foreman to sign a statement about this "attempted bribery," but that he stated that he "did not want to get involved." (Filing No. 32, at ECF p. 2).

"Witness tampering is often described as a form of fraud, and it is certainly very serious, indeed, criminal – misconduct, 18 U.S.C. § 1512(b)." *Ty Inc. v. Softbelly's Inc.*, 353 F.3d 528, 536 (7th Cir. 2003). Although this motion is brought in a civil action, the elements of the crime are helpful in deciding this motion. Those elements as applied to this case require Defendants to establish that: (1) Foreman was a witness or prospective witness; (2) Plaintiff attempted to persuade Foreman to provide false testimony; and (3) Plaintiff acted knowingly and with intent to influence Foreman's testimony. *United States v. Eades*, 729 F.3d 769, 779 (7th Cir. 2013). Foreman may be called as a witness in this case, but there is no evidence that Plaintiff attempted to persuade Foreman to provide false testimony, or acted with knowledge and intent to influence the same. Defendants' motion (Filing No. 32). is therefore **DENIED**.

**SO ORDERED** this 5th day of March 2014.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

Copy mailed to:

David and Linda Algie
6407 W. 62nd Street
Indianapolis, IN  46278