# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA,
### INDIANAPOLIS DIVISION

| | |
|---|---|
| **LOYD WOODWARD,** | |
| Plaintiff, | |
| vs. | CAUSE NO. 1:13-cv-1435-DKL-RLY |
| **DAVID ALGIE and LINDA ALGIE,** | |
| Defendants. | |

### ENTRY

*Plaintiff's 12(b)(6) Motion To Dismiss Defendants' Counterclaim with Prejudice* [doc. 83]
and
**Defendants'** *Motion Seeking Leave to File First Amended Counter Complaint and To Add Parker Woodward as Co-counter Defendant* [doc. 85].

1. **Plaintiff's motion to dismiss.** Mr. Woodward moves to dismiss the Algies' counterclaims for unjust enrichment and "emotional distress" for failure to state a claim, under Fed. R. Civ. P. 12(b)(6). Although his motion is directed to the Algies' *Counter Claim* [doc. 78], the Court construes it as also directed against the same claims included in their *Proposed First Amended Complaint* [*sic*] [doc. 85-1] ("*Proposed Counterclaims*"), for which they seek leave to file by the other present motion.

When reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court takes all well-pled allegations in the operative pleading as true and draws all reasonable inferences in favor of the pleader. *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). The pleading must include "enough facts to state a claim to relief that is

1

plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). To be facially plausible, the pleading must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**Unjust enrichment.** Mr. Woodward argues that the existence of an express contract forecloses recovery under an implied-contract theory like unjust enrichment. He contends that, because the Algies have admitted in their pleadings that a written contract exists, their claim for unjust enrichment is foreclosed and should be dismissed. The Algies do not respond to Mr. Woodward's arguments or citations, or otherwise attempt to defend the substance of their counterclaim. Instead, they only posit that, if the Court decides to dismiss their unjust-enrichment counterclaim, then it must also dismiss Mr. Woodward's unjust-enrichment claim.

"A claim for unjust enrichment 'is a legal fiction invented by the common law courts in order to permit a recovery . . . where the circumstances are such that under the law of natural and immutable justice there should be a recovery . . . .'" *Zoeller v. East Chicago Second Century Inc.*, 904 N.E.2d 213, 220 (Ind. 2009) (quoting *Bayh v. Sonnenburg*, 573 N.E.2d 398, 408 (Ind. 1991)). "A person who has been unjustly enriched at the expense of another is required to make restitution to the other." *Id.* (quoting *Restatement of Restitution* § 1 (1937)). "To prevail on a claim of unjust enrichment, a claimant must establish that a measurable benefit has been conferred on the defendant under such circumstances that the defendant's retention of the benefit without payment would be unjust." *Id.* (citing *Bayh*, 573 N.E.2d at 408).

The Algies allege no facts showing that Mr. Woodward has been unjustly enriched. According to the *Contract Agreement*, Mr. Woodward agreed to make monthly payments of $7,000 in exchange for, *inter alia*, certain marketing rights and the right to purchase a prototype. The Algies do not allege or assert that they have conferred any benefit on Mr. Woodward that would be unjust for him to retain without payment. Instead, the Algies' *Counter Claim* alleges that Mr. Woodward will be unjustly enriched *if he prevails on his claims in this suit*. This is simply a misunderstanding of the theory of unjust enrichment. One cannot claim that an adverse party will be unjustly enriched if he obtains a judgment in his favor.

As amended in the Algies' *Proposed Counterclaims*, the unjust-enrichment counterclaim consciously acknowledges and attempts to satisfy the legal elements of an unjust-enrichment claim. The substance of the amended counterclaim is: "Woodward, acting individually and in concert with several others, collective actions [*sic*] resulted in Woodward receiving and attempting to gain full and total ownership of Algies' LP1 by any means available, for his sole profit, being Woodward's initial intent including the total exclusion of the Algies." *Proposed Counterclaims* ¶ 33. The Algies do not allege that Mr. Woodward has received "full and total ownership of Algies' LP1 . . . including the total exclusion of the Algies" and, in fact, they seek an injunction to prevent just that. They do allege that Mr. Woodward was and is "attempting" to obtain such ownership and exclusion. Thus, while the *Proposed Counterclaims*' unjust-enrichment claim alleges that the Algies have suffered damages and harm caused by Mr. Woodward, including by

3

way of this suit, it does not allege that he already has been enriched by some benefit from them that it would be unjust for him to retain. As pled, then, the amended unjust-enrichment counterclaim also fails to state a claim.

Furthermore, the dismissal of the Algies' unjust-enrichment counterclaim would have no effect on Mr. Woodward's unjust-enrichment claim. Unlike the Algies, Mr. Woodward alleges that he has already conferred a benefit on the Algies and that they will be unjustly enriched unless they pay for that benefit.

The Algies have not stated, in either their original or propsoed amended counterclaims, a claim for unjust enrichment that entitles them to relief.

**Infliction of emotional distress.** Mr. Woodward argues that the Algies' counterclaim for emotional distress fails to state a claim because it is barred by Indiana's economic loss doctrine; his alleged conduct was not the kind of extreme and outrageous conduct that the claim requires; and the Algies have not alleged satisfaction of the modified-impact rule or bystander rules.

Although the Algies do not specify in their *Counter Claim* whether they assert negligent or intentional infliction of emotional distress, they allege only intentional, not negligent, acts by Mr. Woodward. Thus, the Court agrees with Mr. Woodward that the Algies intended to plead a claim for intentional infliction. This interpretation is confirmed by their repleading the claim specifically as an intentional-infliction claim in their *Proposed Counterclaims*.

4

Mr. Woodward argues that the Algies have failed to plead satisfaction of the modified-impact or bystander rules, but he has mistaken the elements of an intentional-infliction claim. Those rules are elements of a negligent-infliction, not an intentional-infliction, claim. *See Atlantic Coast Airlines v. Cook*, 857 N.E.2d 989, 998 (Ind. 2006). To prevail on their intentional-infliction counterclaim, the Algies must show that Mr. Woodward engaged in conduct that was extreme and outrageous with the intent to cause distress: "'one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress . . . .'" *Cullison v. Medley*, 570 N.E.2d 27, 31 (Ind. 1991) (quoting *Restatement (Second) of Torts* § 46 (1965)). "It is the intent to harm one emotionally that constitutes the basis for the tort of an intentional infliction of emotional distress." *Id.*

Mr. Woodward also argues that the Algies have failed to plead the element of extreme and outrageous conduct. But his argument consists of merely describing the general definitions of extreme and outrageous conduct and making conclusory assertions that the Algies have not alleged conduct that rises to that level. He fails to demonstrate from Indiana precedents *why* the *specific* instances of conduct alleged by the Algies are insufficiently extreme or outrageous. Without citations to precedential applications of Indiana law by which the Court can make the determination as a matter of law for each alleged relevant act, it cannot grant Mr. Woodward's motion to dismiss the *Counter Claim*'s or *Proposed Counterclaim*'s intentional-infliction claim on this ground.

Finally, Mr. Woodward's economic-loss argument consists of the following:

5

> Furthermore, Defendants' [*sic*] claim that their emotional distress results from Plaintiff's conduct in carrying out the Contract. However there can be no recovery for emotion [*sic*] distress where there has been only economic damage or loss. *Ketchmark v. Northern Ind. Pub. Serv. Co.*, 818 N.E.2d 522, 524 (Ind. Ct. App. 2004).

*Plaintiff's 12(B)(b)* [*sic*] *Motion To Dismiss etc.* at 7. The Algies did not respond to this argument. But, while their original and proposed intentional-infliction claims allege conduct beyond just carrying out the contract, they allege only economic damage or loss, or the attempt to cause economic damage or loss. However, *Ketchmark*, the sole case that Mr. Woodward cites in support of his economic-loss argument, holds that damages are not allowed for *negligent*, not intentional, infliction of emotional distress where there has been only an economic loss. *Ketchmark*, 818 N.E.2d at 524-25.

Mr. Woodward has not shown that the Algies' claim for intentional infliction of emotional distress fails to state a claim.

**2. Defendants' motion for leave to file first amended counterclaims and to add Parker Woodward as a defendant.** Defendants seek leave to amend their counter-claims to add claims of promissory estoppel, tortious interference with contract, fraud, civil theft, and computer trespass to their existing counter-claims of unjust enrichment and emotional distress, and to add Parker Woodward, Plaintiff's son, as a defendant. *Proposed First Amended Counter Complaint* [doc. 85-1] ("*Proposed Counterclaims*"); *Counter Claim* [doc. 78]. The *Proposed Counterclaims* also clarify that the Algies' "emotional distress" counterclaim is for intentional infliction of emotional distress. *Proposed Counterclaims*, ¶¶ 54-62.

Plaintiff advised that he prefers to address the Algies' new counterclaims by way of a motion to dismiss. *Notice of Change in Position with Regard to Plaintiff's Response etc.* [doc. 97]. While he also stated that he opposes the addition of Parker Woodward as a defendant, he failed to support his opposition with any argument, *id.*; *Response in Opposition to Defendants' Motion etc.* [doc. 91], and the Court discerns no reason to deny the addition.

## Conclusion

*Plaintiff's 12(B)(6) Motion To Dismiss Defendants' Counterclaim with Prejudice* [doc. 83] is **GRANTED** as to Defendants' counterclaim for unjust enrichment and **DENIED** as to Defendants' counterclaim for intentional infliction of emotional distress. Defendants' claim for unjust enrichment is **DISMISSED** for failure to state a claim. Defendants' *Motion Seeking Leave to File First Amended Counter Complaint and To Add Parker Woodward as Co-counter Defendant* [doc. 85] is **GRANTED in part.** Consistently with the ruling on Plaintiff's Rule 12(b)(6) motion, Defendants are granted leave to file their proposed counterclaims, [doc. 85-1], except for the counterclaim for unjust enrichment. Defendants shall file a clean version of their proposed counterclaims with that claim omitted.

**SO ORDERED this date: 03/30/2015**

*Denise K. LaRue*
United States Magistrate Judge
Southern District of Indiana

Distribution to all ECF-registered counsel of record *via* ECF-generated e-mail.