# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA,
### INDIANAPOLIS DIVISION

| | |
|---|---|
| **LOYD WOODWARD,** | |
| **Plaintiff,** | |
| *vs.* | **CAUSE NO.  1:13-cv-1435-DKL-RLY** |
| **DAVID ALGIE and LINDA ALGIE,** | |
| **Defendants.** | |
| **PARKER WOODWARD,** | |
| **Third-party Defendant.** | |

### ENTRY and ORDER

#### *Woodward's Motion To Strike and/or Dismiss with Prejudice the Algie's [sic] Amended Counterclaim* **[doc. 155]**

On July 27, 2015, the Court granted in part and denied in part Plaintiff's motion to dismiss Defendants' amended counterclaims. *Entry* [doc. 147]. The tortious-interference, fraud, and intentional-infliction-of-emotional-distress counterclaims were dismissed. The remaining counterclaims for promissory estoppel, "civil theft constituting industrial espionage," and "computer trespass" survived. The Court recently denied Defendants' motion for more time to serve newly added third-party defendant Parker Woodward and dismissed all counterclaims against him. As a result, the "civil theft constituting industrial espionage" counterclaim is now dismissed as well because it was specifically pled against only Parker Woodward. Therefore, only the promissory-estoppel and computer-trespass counterclaims survive against plaintiff Loyd Woodward.

1

The Court concluded its *Entry* on Plaintiff's motion to dismiss with the following: "Defendants may move for leave to file an amended counter complaint that corrects the deficiencies found herein **no later than Monday, August 10, 2015.**" *Entry*, at 13-14. Instead of moving for leave to file an amended counter-complaint, Defendants directly filed their *Amended Counter Complaint* [*etc.*], [doc. 148], on the August 10, 2015 deadline. Defendants duplicated their promissory-estoppel and computer-trespass counterclaims, and they repled their fraud counterclaim.  (They also duplicated their counterclaim for "civil theft constituting industrial espionage" but, as noted, because it is pled against only Parker Woodward and he has been dismissed, that counterclaim is moot.)  Defendants did not replead their tortious-interference or infliction-of-emotional-distress counterclaims.

Plaintiff filed the present motion asking the Court either to strike the *Amended Counter Complaint* for Defendants' non-compliance with the order to seek leave first or to dismiss the fraud and computer-trespass counterclaims for failure to state a claim and the fraud claim for failure, again, to plead with particularity.

## Fraud

Defendants concede that they made a "mistake;" that "the request to seek leave was overlooked, not intentionally but a simple mistake on their part;" and that their "unwise mistake . . . was not made in malice or disregard of the court or the plaintiff . . . ."  (*Defendants' Response to Plaintiff's Motion To Dismiss Defendants' Counterclaim with Prejudice*, [doc. 161], ("*Response*"), at 1-2.)  Defendants state that they are "slow to learn

2

the court's rules and motions" and they "have struggled in Pro Se to learn the many court rules and intricacies that take so long to learn . . . ." (*Id.*, at 1.)  They ask the Court not to reward Plaintiff because of a filing error on their part and they state that they will file a belated motion for leave if the Court requests it.  (*Id.*, at 1-2.)

Defendants' excuses and pleas are unpersuasive.  Defendants' failure cannot be attributed to their *pro-se* status or to their struggles with the Court's many rules and intricacies that "take so long to learn."  The Court articulated a simple, easy-to-understand directive in its *Entry*:  "Defendants may move for leave to file an amended counter complaint that corrects the deficiencies found herein . . . ."  *Entry*, at 13-14. Defendants have not identified any portion of this sentence that is intricate, complex, or of which they struggled to understand the meaning.  While perhaps not done maliciously, Defendants' failure to comply was certainly done "in . . . disregard of the court." Defendants have been granted leniency in this case before, but discovery is now closed, dispositive motions have been filed, and a trial date has been set and the case must proceed.  Therefore, the Clerk will be directed to strike the *Amended Counter Complaint*.

Striking the *Amended Counter Complaint* leaves the previous April 14, 2015 *Counter Complaint*, [doc. 122], as Defendants' operative pleading, but with only the counterclaims for promissory estoppel and computer trespass against Plaintiff.  The fraud counterclaim is dropped.

Alternatively, considering Plaintiff's present motion as a motion to dismiss, Defendants' fraud counterclaim should be dismissed.  In their *Response* to Plaintiff's

motion, Defendants do not object that the motion is inappropriate because it was filed after the dispositive-motions deadline.  Instead, their *Response* addresses the merits of Plaintiff's arguments.  Therefore, the Court will also address Plaintiff's arguments.

Plaintiff argues that the *Amended Counter Complaint* fails to correct the deficiencies noted in the Court's *Entry* and fails to state a claim.  He argues that it still fails to plead fraud with the requisite particularity and that, while Defendants' allegations are unclear, it appears that all of the representations and statements that they allege are promises of future performance, which are not actionable as fraud.  In their *Response*, Defendants do not defend their fraud pleading and they do not identify any corrective changes made in the *Counter Complaint*.  Instead, they simply assert that Plaintiff has attempted to defraud them from the beginning.  They assert that Plaintiff lay in ambush for them, planning and working for Defendants' failure under the agreement and secretly always intending to bring this suit, knowing that Defendants would not have the resources to defend themselves.  Then, Plaintiff could take the LP1 aircraft project for himself.  Defendants' response concludes with the sentence:  "The fraud claim is not predicated upon promises of future performance, it is based on Woodward's fraudulent intent from the very beginning." (*Response*, at 2.)

The Court dismissed the fraud counterclaim for failure to plead with the particularity required by Fed. R. Civ. P. 9(b).  To the *Counter Complaint*'s statement of the fraud counterclaim, the *Amended Counter Complaint* **(1)** adds an explanation of the elements of actions for constructive fraud and actual fraud in Indiana, *Amended Counter*

4

*Complaint*, ¶¶ 39 and 40, and **(2)** adds the clause "to fraud [*sic*] Algie and take his creation, the LP1 and all materials" to the existing statement that "Algie relied on Woodward's statements believing them to be truthful, thereby entering into an agreement, unaware of Woodward's deceit and actual intent," *Complaint*, ¶ 47; *Amended Counter Complaint*, ¶ 42. Neither of these additions adds particularity to the pleading of fraud.

To the "Allegations and Facts" section of the *Counter Complaint*, the *Amended Counter Complaint* adds allegations **(1)** that Plaintiff intended to defraud Defendants from the beginning, *Counter Complaint*, ¶¶ 25, 27; *Amended Counter Complaint*, ¶¶ 25 (fourth through sixth sentence), 27 (third through fifth sentences); **(2)** about Parker Woodward's access to David Algie's shop and shop computer, *Counter Complaint*, ¶ 25; *Amended Counter Complaint*, ¶ 25 (ninth sentence); **(3)** that qualifies Plaintiff's physical injury to David Algie as an attempt and specifyies the date, *Counter Complaint*, ¶ 27; *Amended Counter Complaint*, ¶ 27 (second sentence); and **(4)** regarding Plaintiff's early petitions for pre-judgment attachment, *Amended Counter Complaint*, ¶ 31.  None of these additions provides the particulars of any allegedly fraudulent misrepresentations by Plaintiff to Defendants.

Reviewing the entirety of the "Allegations and Facts" section of the *Amended Counter Complaint*, which are also the allegations of the *Counter Complaint*, the Court finds the following allegations of representations or communications by Plaintiff to Defendants:

• Plaintiff expressed an interest in investing in Defendants' LP1 aircraft project.  *Amended Counter Complaint*, ¶ 7.

5

• Plaintiff offered financial support to the project as an investor.  *Id.*, ¶¶ 7, 8.

• Plaintiff promised to market the aircraft.  *Id.*, ¶ 8.

• Plaintiff promised to fly the aircraft to air shows to market it.  *Id.*, ¶¶ 8, 34.

• Plaintiff offered to handle the expenses at the air shows.  *Id.*, ¶ 14.

• When advised by David Algie that, at a $7,000, as opposed to a $12,000, monthly level of support, the project would require more time due to the lack of an assistant for Mr. Algie, Plaintiff stated that the extra time was not a problem.  *Id.*, ¶ 9.

• When asked by Algie how Plaintiff would recoup his investment, Plaintiff stated that $5,000 from the sale of each aircraft kit would be more than sufficient because he was confident that he could easily provide 300 buyers.  *Id.*, ¶ 12.

• When asked by Algie about the lack of a recoupment clause in the agreement, Plaintiff stated that he didn't need the $5,000, that it wasn't about the money, that he didn't care about the agreement, and that he just wanted to see the aircraft fly.  *Id.*, ¶¶ 15, 28.

These representations are statements or promises of future conduct (promises to market the aircraft, to fly the aircraft to air shows, and to handle air-show expenses), or statements of present intent (statements that extra completion time is not a problem, that $5,000 per sale return on investment is sufficient, that the $5,000 per sale is not needed, and that Plaintiff's financial support and marketing was about the success of the project and not return on investment), none of which are not actionable as fraud.  *Corry v. Jahn*, 972 N.E.2d 907, 919 (Ind. Ct. App. 2012) ("Fraud may not be based upon representations regarding future conduct, or upon broken promises, unfulfilled predictions or statements of existing intent which are not executed."), *trans. denied*.  The two remaining alleged statements (Plaintiff's expression of interest in investing in the project and offer of

6

financial support as an investor) are not alleged to have been false and, in fact, Defendants do not dispute that Plaintiff did, in fact, provide financial support to the project.

In addition, because the *Amended Counter Complaint* alleges that Mr. Algie was induced, or swayed, by Plaintiff's representations (primarily the promises to fly the aircraft to air shows) to quit his employment, accept Plaintiff's offer of financial support, execute the *Contract Agreement* [doc. 1-1], and devote himself to the aircraft project. *Amended Counter Complaint*, ¶¶ 8, 10, 34, if any of the alleged representations or statements were made after the execution of the *Contract Agreement* and Mr. Algie's commencement of full-time work on the project, then they would not be actionable as fraud because they occurred after the only actions that Defendants allege that they took in reliance thereon.

Because Defendants failed to timely file a motion for leave to file their *Amended Counter Complaint*, it will be stricken.  Together with Court's previous *Entry* on Plaintiff's Rules 12(b)(6) and 9(b) motion, this renders the *Counter Complaint* as the operative counter-complaint with only the promissory-estoppel and computer-trespass claims against Plaintiff as viable counterclaims.  In addition, construing Plaintiff's *Motion To Strike and/or Dismiss* as directed against the *Counter Complaint* and *Amended Counter Complaint*, they both fail to state a claim for fraud and that counterclaim is dismissed.

## Computer trespass

Because Defendants failed to move for leave to file their *Amended Counter Complaint*, it is stricken, which renders the *Counter Complaint* as the operative pleading of

Defendants' computer-trespass counterclaim.   Construing Plaintiff's *Motion To Strike and/or Dismiss* as directed against the allegations as pled in both the *Counter Complaint* and *Amended Counter Complaint*, the Court finds and concludes that both pleadings fail to state a claim for "computer trespass" and, therefore, that counterclaim is dismissed.

The *Amended Counter Complaint* alleges that Plaintiff worked in concert with Parker Woodward to access Defendants' computers at the project's shop and Defendants' residence in order to delete e-mails stored thereon that would be damaging to Plaintiff. *Amended Counter Complaint*, ¶¶ 25, 30, 50, 51.  It claims that Parker's actions constitute "legal trespass.  '*An unlawful intrusion that interferes with one's person or property ..*'"  *Id.*, ¶ 51.

In his *Motion*, Plaintiff argues that, in Indiana, a person is liable for trespass to a chattel when:

> "(a) he dispossesses the other of the chattel, or
>
> (b) the chattel is impaired as to its condition, quality, or value, or
>
> (c) the possessor is deprived of the use of the chattel for a substantial time, or
>
> (d) bodily harm is caused to the possessor, or harm is caused to some person or thing in which the possessor had a legally protected interest."

*Terrell v. Rowsey*, 647 N.E.2d 662, 666 (Ind. Ct. App. 1995) (quoting *Restatement (Second) of Torts*, § 218 (1965)), *trans. denied*.  He argues that the *Amended Counter Complaint* fails to state a claim for trespass to Defendants' computers because its allegations do not address all the elements of the action:  they do not allege that Plaintiff dispossessed Defendants

8

of their computers; that he impaired the condition, quality, or value of the computers; that Defendants were deprived of the use of their computers for a substantial time; or that his or Parker's actions caused bodily harm to Defendants or harm to some person or thing in which they had a legally protected interest.  *Motion*, at 5-6.

Although Defendants responded to Plaintiff's argument for dismissing their fraud claim, they made no response to Plaintiff's argument to dismiss their computer-trespass claim.  Defendants allege that Parker Woodward, working in concert with Plaintiff, accessed David Algie's shop computer while working at the shop, deleted e-mails between Plaintiff and Defendants stored thereon, and that he remotely accessed Defendants' computer at their residence (Defendants suggest this might have been accomplished by an "email worm") and deleted e-mails stored on that computer. Defendants have not shown, and it is not self-evident, that these allegations state that Plaintiff deprived Defendants of the possession or use of their computers; impaired the condition, quality, or value of the computers; or caused bodily harm to Defendants or caused harm to any person or thing in which they had a legally protected interest as a result of their alleged trespass.  Defendants do not argue any other causes of action or legal theories by which Plaintiff may be liable for his alleged actions.

Therefore, the computer-trespass counterclaim as pled in the *Counter Complaint* and the *Amended Counter Complaint* is dismissed for failure to state a claim.

## Conclusion

For the reasons set forth herein, Plaintiff's *Motion To Strike and/or Dismiss with Prejudice the Algie's* [*sic*] *Amended Counterclaim* [doc. 155] is **GRANTED**.  The *Amended Counter Complaint*, [doc. 148], is ordered **STRICKEN** and the fraud and "computer trespass" counterclaims are **DISMISSED** for failure to state a claim.  As a result, Defendants' operative counter-complaint is the *Counter Complaint*, [doc. 122], and their sole counterclaim is for promissory estoppel against Plaintiff.

**SO ORDERED this date:**  10/19/2015

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana


Distribution to all ECF-registered counsel of record *via* ECF-generated e-mail.

Distribution *via* first-class mail:
David Algie, 6407 W. 62nd Street, Indianapolis, Indiana, 46278.
Linda Algie, 6407, W. 62nd Street, Indianapolis, Indiana, 46278.